**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

March 26, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Ashley B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 25-0376-DRM

Dear Counsel:

On February 6, 2025, Plaintiff Ashley B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 9) and the parties' briefs (ECF Nos. 12, 17 and 19). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 20, 2020, alleging a disability onset of August 9, 2019. Tr. 17; 284. Plaintiff's claims were denied initially and on reconsideration. Tr. 100-104; 105-109. On August 23, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41-61. Following the hearing, on October 23, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-40. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Michelle King, the Acting Commissioner of Social Security on February 6, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Ashley B. v. Bisignano*
Civil No. 25-0376-DRM
March 26, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 9, 2019, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "multiple sclerosis (MS), migraines, depression and anxiety." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of sleep apnea and obesity. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can stand and walk up for four hours a day. She can occasionally engage in postural activities, but she should never climb ladders, ropes or scaffolds. She should also avoid hazards such as unprotected heights or moving machinery. She should avoid temperature extremes and vibrations. She can understand, remember and carry out simple and detailed, but not complex, instructions. She can have occasional contact with supervisors, coworkers and the public. She should avoid work requiring specific production rate such as assembly line work or work that requires hourly quotas. She can deal with occasional changes in a routine work setting.

Tr. 22. At steps four and five, the ALJ determined that Plaintiff was unable to perform past relevant work as a mail handler, but could perform other jobs that existed in significant numbers in the national economy such as marker, garment sorter, and assembler II. Tr. 32-33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*Ashley B. v. Bisignano*
Civil No. 25-0376-DRM
March 26, 2026
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises three arguments on appeal, specifically that the ALJ erred by:

(1) failing to explain her reasoning why Plaintiff's neurogenic bladder symptoms – including the need for extra breaks due to such symptoms – were not credible; (2) artificially and impermissibly raising the bar by requiring urologist treatment to support Plaintiff's neurogenic bladder as a medically determinable impairment; and (3) classifying Plaintiff's neurogenic bladder as non-medically determinable.

ECF No. 12 at 6. Defendant disagrees. ECF No. 17.

Defendant counters that the ALJ properly accounted for "Plaintiff's impairments and limitations that were supported by the record evidence," that the medical history does not contain a diagnosis, treatment or limitations, related to neurogenic bladder, and that Plaintiff has not identified any limitations from the condition, so any error is harmless because "the ALJ would have arrived at the same conclusion." ECF No.17 at 6-7. Defendant argues that an impairment cannot be established by symptoms alone, Plaintiff has the burden of demonstrating severity, and disability is determined by the limitations from an impairment not its existence. ECF No. 17 at 7.

Defendant adds that "treatment records indicate the impression of neurogenic bladder," but do not indicate it was severe or that Plaintiff experienced limitations, and there was no evidence of treatment with a urologist. ECF No. 17 at 8. Defendant argues that the ALJ was "not persuaded" that Plaintiff needed additional breaks, Plaintiff had the burden to provide her functional limitations, so that the ALJ was "under no duty to evaluate Plaintiff's bladder urgency issues at any step." ECF No. 17 at 8-9. Defendant contends that remand would be an "empty exercise," any error in considering the bladder issue at steps four or five rather than step two was harmless, and the ALJ need not address every piece of evidence. ECF No. 17 at 9-10.

In reply, Plaintiff clarifies her argument, explaining that the step two errors the ALJ made were requiring a urologist's treatment of Plaintiff's neurogenic bladder for it to be a medically determinable impairment, and classifying it as non-medically determinable. ECF No. 19 at 1. Plaintiff adds that SSA regulations require the ALJ to assess at step two whether Plaintiff's neurogenic bladder was medically determinable, and while not doing so may be harmless error if the condition is fully considered elsewhere in the decision, the ALJ's assessment of the condition at steps four and five was so dismissive that the ALJ did not fully consider it. ECF No. 19 at 2.

*Ashley B. v. Bisignano*
Civil No. 25-0376-DRM
March 26, 2026
Page 4

Finally, Defendant argues that the only reason the ALJ gave for finding the condition non-medically determinable was the lack of evidence that Plaintiff had been treated by a urologist, even though claimants are not required to see a specialist in each field for each impairment, and that a court may affirm an ALJ's decision only upon the reasons that ALJ gave. ECF No. 19 at 2-3.

The ALJ did not provide an adequate analysis for the determination that Plaintiff's bladder issues, including her alleged neurogenic bladder, did not constitute a medically determinable impairment.

At step two of the five-step sequential evaluation process, an ALJ must determine whether a claimant has any "medically determinable impairments" and, if so, whether they are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii); 404.1521. Even "non-severe" medically determinable impairments, *see* § 404.1522, are important to determine, because—so long as the claimant has at least one severe impairment—non-severe medically determinable impairments are considered in the RFC assessment prior to steps four and five. 20 C.F.R. § 404.1545(a)(2). *See Kareem H. v. O'Malley*, 23-1493-CDA, 2024 WL 3378016, at *2 (D. Md. July 11, 2024) ("When assessing RFC, an ALJ considers the effects of each medically determinable impairment, including those that are not severe.") To be 'medically determinable,' the impairment 'must be established by objective medical evidence from an acceptable medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1521, 416.921). "The SSA defines 'objective' evidence as 'anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.'" *Id*.

Here, the ALJ did not discuss Plaintiff's bladder issues at all in step two. *See* Tr. 20. Rather, the ALJ considered Plaintiff's symptoms related to neurogenic bladder only in explaining the RFC finding. Tr. 23 and 30. The ALJ's discussion of this issue reads, in full:

> She testified she constantly goes to the bathroom, and while evidence refers to urgency, I am not persuaded to find the claimant requires extra breaks beyond normal morning, noon and afternoon breaks. Furthermore, there is no evidence of treatment with a urologist to support a medically determinable impairment.

Tr. 30.

The ALJ does not provide any further explanation or analysis of why Plaintiff's bladder issues did not constitute a medically determinable impairment, nor of why the ALJ is "not persuaded" by Plaintiff's testimony regarding the frequency of her bathroom visits or the need for more than three breaks over the course of a workday. The ALJ mentions the bladder issue only one other time, earlier in the same section of the decision, as part of Plaintiff's medical history. Tr. 23 ("She was having new onset constipation and bladder urgency."). Without any analysis, the Court cannot determine whether substantial evidence supported the ALJ's determination. *See Jackie T. v. Kijakazi*, 22-1309-BAH, 2023 WL 1424573, at *3 (D. Md. Jan. 30, 2023).

Defendant argues that the "record does not contain a past history of neurogenic bladder issues," that it contains "an impression of neurogenic bladder by history, but this does not equate

*Ashley B. v. Bisignano*
Civil No. 25-0376-DRM
March 26, 2026
Page 5

to diagnosis." ECF No. 17 at 6. Defendant adds "an impairment may not be established on the basis of symptoms alone," disability is determined by resulting functional limitations, that there is no evidence Plaintiff "experienced any functional limitations," and "no evidence of treatment with a urologist to support a medically determinable impairment." ECF No. 17 at 7-8.

Except for the last item, the ALJ did not discuss these points, but supported the finding with a single reason: "Furthermore, there is no evidence of treatment with a urologist to support a medically determinable impairment." Tr. 30. Defendant's "post hoc explanation does not cure the ALJ's lack of analysis…." *Lauren C. M. v. Kijakazi*, SAG-23-0220, 2023 WL 6311286, at n.2 (D. Md. Sept. 28, 2023) (citing *Bates v. Berryhill*, 726 F. App'x 959, 960 (4th Cir. 2018)).

It is also not entirely accurate to say that the record contains no history of neurogenic bladder issues when the record contains, as the Defendant notes, provider notes of Plaintiff's reports of bladder urgency, of an impression of neurogenic bladder, and that the Plaintiff had urodynamic studies. ECF No. 17 at 8. The record also contains, *inter alia*, Plaintiff's testimony on the issue, Tr. 54-55, contemporaneous provider notes about Plaintiff's "ongoing" symptom of urinary urgency, Tr. 683, 1153, 1515, a provider note about Plaintiff's request for a referral to a local urologist, Tr. 406, the referral, Tr. 403, and an "Assessment" of "Neuromuscular dysfunction of bladder, unspecified [N31:9] (unchanged)," Tr. 403. The Court expresses no opinion about whether Plaintiff has a bladder issue which constitutes a medically determinable impairment. The ALJ's error was to provide inadequate analysis about how the finding was reached. *Jackie T.*, 2023 WL 1424573 at n.6.

As to Defendant's argument that an "impression of neurogenic bladder by history" "does not equate to diagnosis," ECF no. 17 at 6, "diagnoses are irrelevant to whether a disorder is medically determinable: an ALJ may not use 'a statement of symptoms, a diagnosis, or a medical opinion to establish the existence of' an impairment." *Kareem H.*, 2024 WL 3378016 at *3 (quoting 20 C.F.R. §§ 404.1521, 416.921). As to Defendant's argument that disability is determined by resulting functional limitations and there is no evidence Plaintiff "experienced any functional limitations," ECF No. 17 at 7-8, "SSR 96-8p makes clear that limitations resulting from impairments may derive either from a claimant's allegations or from 'information in the case record that there is such a limitation[.]'" *Id*. at *3 (quoting Social Security Ruling 96-8p, 1996 WL 374184 at *3 (July 2, 1996)). "Whether such information exists is for the ALJ to determine in the first instance." *Id*. (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Defendant correctly notes that once an ALJ determines a claimant has at least one severe impairment, "[a]ll of claimant's impairments are then considered at the remaining steps." ECF No. 17 at 6. The Court construes this observation as an argument that the ALJ's failure to address Plaintiff's bladder issues at step two was harmless.[3] However, the ALJ did not adequately consider Plaintiff's bladder issues or possible neurogenic bladder at *any* step of the evaluation.

---

[3] *See Jackie T.*, 2023 WL 1424573 at *4 ("Courts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment [or a medically determinable impairment] at step two may be harmless error if the ALJ determined that a claimant has at least

*Ashley B. v. Bisignano*
Civil No. 25-0376-DRM
March 26, 2026
Page 6

Defendant argues that remanding the case would be an "empty exercise" because "the ALJ's decision does not contradict the ALJ's ultimate finding that Plaintiff's impairments did not significantly limit her ability to do basic work activities," so "any error in this respect would be harmless," and "that the ALJ would have arrived at the same conclusion" that Plaintiff is not disabled. ECF No. 17 at 6, 9. "Because an ALJ may only consider medically determinable impairments when assessing RFC, the ALJ's errors were not harmless." *Kareem H.*, 2024 WL 3378016 at *3 (quoting *Ruth B. v. Kijakazi*, No. 20-457, 2021 WL 8527625, at *5 (W.D. Va. Oct. 29, 2021)); *Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015) (remanding where the ALJ's "opinion [was] sorely lacking in the analysis needed for us to review meaningfully those conclusions.").

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. As noted above, the Court expresses no opinion about whether Plaintiff has a bladder issue which constitutes a medically determinable impairment. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge

---

one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps") (brackets in original) (quoting *Crystal S. v. Kijakazi*, MJM-20-3717, 2022 WL 4539717, at *3 (D. Md. Sept. 28, 2022)).